### YODER v. MILLS and others.

*(Circuit Court, E. D. Pennsylvania. October 28, 1885.)*

PATENT LAW—INVENTOR HAS THE MERIT, NOT THE MACHINIST.
  He who conceives the device must have the merit thereof, and enjoy the profit, not he by whose mechanical skill the conception was, at the inventor's request, put into tangible form.

In Equity.
*William A. Redding*, for complainant.
*M. Daniel Connolly*, for respondents.

McKENNAN, J. The subject of this suit is a patent to Lorenzo T. Yoder for an invention relating to the manufacture of candy, dated December 4, 1883, and numbered 289,488. The patent contains four claims, but no evidence is produced to show any infringement of the first two. The third and fourth claims are the only ones touching which there is any contest. They are both for combinations of mechanical devices, and differ only in that to the elements specified in the third claim is added a "cover, A," of peculiar construction; and thus the fourth claim is constituted. Nor is there any substantial controversy between the parties upon the question of infringement. It is clear that the machine made by the defendants is, in every essential feature, identical with that described in the patent.

The only contested inquiry in the case involves the right to the invention itself. All the evidence exhibited relates to it. Both parties claim the merit which the patent apparently accords to the complainant, and, without discussing the evidence, it is enough for us to say that, in view of the decided preponderance of the proofs, it is justly devolved upon him. The conception of the invention belongs

to him, and all that the defendants contributed was the necessary mechanical skill, furnished at his request, to embody it in an operative form. He did not lose the merit which is due to inventive suggestiveness, and devolve it upon the mechanic whose only function was to materialize it. *Watson* v. *Bladen*, 4 Wash. C. C. 582; *Blandy* v. *Griffith*, 3 Fish. 609.

But some doubt may be entertained as to the right of the complainant to appropriate the combination covered by the fourth claim of the patent, treating it as an entirety. The cover, A, which is an indispensable constituent of the combination, was not devised by him, but was suggested and constructed solely by one of the defendants. Whether that claim, then, is enforcible against the defendants we do not deem it imperative on us to decide. We will therefore adjudge that the patent is valid in so far as the *third* claim is involved, that an injunction issue against the infringement of that claim, and that the profits or damages accruing from the past infringement thereof be ascertained by a master; and a decree will be prepared accordingly.